

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| HAROLD ARTHUR LONG and | § | Case No. 17-60401 |
| GEORGIA PEARL LONG | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| BRANDI BRUCE and | § | |
| TODD SHORT, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Adversary No. 17-6007 |
| | § | |
| HAROLD ARTHUR LONG | § | |
| and GEORGIA PEARL LONG | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OF DECISION</u>

ON THIS DATE the Court considered the Plaintiffs' Motion for Summary

Judgment (the "Motion") filed by the Plaintiffs, Brandi Bruce and Todd Short (the

"Plaintiffs"), in the above-referenced adversary proceeding. The original complaint filed

in this adversary proceeding claims that the respective debts owed to the Plaintiffs by the

Debtor-Defendants, Harold A. Long and Georgia P. Long (the "Defendants"), should be

declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which excepts from

discharge a debt "for willful and malicious injury by the debtor to another entity or to the

property of another entity." Upon due consideration of the pleadings, the proper

summary judgment evidence submitted by the Plaintiffs, and the relevant legal

authorities, the Court concludes that the Plaintiffs have demonstrated that there is no genuine issue as to any material fact as to Defendant Harold A. Long and that the Plaintiffs are entitled to judgment as a matter of law that the debt arising from the judgment issued by the 402nd Judicial District Court in and for Wood County, Texas on December 19, 2016 (the "State Court Judgment") which is owed to each of the Plaintiffs by Harold A. Long should be declared nondischargeable under § 523(a)(6) of the Bankruptcy Code.  However, the Plaintiffs have failed to demonstrate that such findings are sufficient to entitle them to judgment as a matter of law under § 523(a)(6) as against Defendant Georgia P. Long.  Accordingly, Plaintiffs' motion for summary judgment must be granted in part and denied in part. This memorandum of decision disposes of all issues currently before the Court.[1]

## Factual and Procedural Background[2]

This adversary proceeding arose from a previous course of litigation by and among the Plaintiffs and the two Debtor-Defendants.[3]  The Plaintiffs and the Defendants were contiguous property owners in Wood County.  As a result of a series of actions by the

---

[1] This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

[2] The facts presented are those the Court believes to be uncontested or are imposed by applicable provisions of claim preclusion.  They are presented only as a general factual background to the legal claims asserted in the case.  This section is not intended to resolve any disputed or contested facts.

[3] *Brandy Bruce and Todd Short v. Harold A. Long and Georgia Long,* Cause No. 2014-015 filed in the 402nd Judicial District Court in and for Wood County, Texas.

Defendants which the Plaintiffs contended in state court was designed to intimidate them into selling their property, the Plaintiffs sued both Debtor-Defendants in tort and for injunctive relief in January 2014.  That state court litigation was tried to a jury in October 2016 and resulted in jury findings of trespass issued against both Defendants.[4]  The jury awarded $350,000 to Plaintiff Brandi Bruce against both Defendants, jointly and severally.  The jury also awarded $250,000 to Plaintiff Todd Short against both Defendants, jointly and severally. Notwithstanding the jury findings that both Defendants were found to have trespassed upon the Plaintiffs' property, the jury found that only Defendant Harold A. Long had committed a trespass with malice as against each Plaintiff.[5]  On the basis of that malice finding, the jury awarded an additional $100,000 to Brandi Bruce in exemplary damages against Harold A. Long.  No exemplary damages were awarded, however, to Todd Short.[6] The state district court entered a Final Judgment in favor of the Plaintiffs and against the Defendants based upon the above-stated jury findings on December 19, 2016 (the "State Court Judgment").[7]  The Defendants did not

---

[4]  The jury also found that Harold A. Long committed an assault upon Todd Short, but no damages were assessed by the jury based upon that assault.

[5]  As the jury was instructed, Texas law defines malice in this context as "a specific intent by a defendant to cause substantial injury or harm" and such malice must be proven by clear and convincing evidence.  *Jury Charge*, Defendants' Ex. 1 at 21-22.

[6]   The final judgment also granted to the Plaintiffs an attorneys' fee award of $25,530 against the Defendants, together with contingent attorneys' fee awards against the Defendants in the event that they unsuccessfully appealed the judgment through the state appellate process.

[7]  *Final Judgment* [dkt #1-2] at 37.

appeal the State Court Judgment.[8]

On May 26, 2017, after the Plaintiffs had sought and obtained the appointment of a receiver in the state court action, the Defendants, Harold A. and Georgia P. Long, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court under case no. 17-60401.  On June 5, 2017, the Plaintiffs filed a complaint seeking a determination of dischargeability regarding the judgment debt and the Defendants subsequently answered the complaint.   On November 17, 2017, the Plaintiffs filed the Motion for Summary Judgment under present consideration — arguing that, as a matter of law, the indebtedness owed to them by the Debtor-Defendants arising from the entry of the State Court Judgment should be declared nondischargeable as a willful and malicious injury under § 523(a)(6) of the Bankruptcy Code.  Upon the filing of the Defendants' response in opposition to the summary judgment motion and the Plaintiffs' reply thereto, the Court took the motion under advisement.

---

[8]  This Court is thus precluded from hearing any complaint regarding the propriety of the Final Judgment by the *Rooker-Feldman* doctrine, which prevents lower federal courts from reviewing a state court decision when the issues raised in the federal court would be "inextricably intertwined" with a state court judgment and the federal court would, in essence, be called upon to review the state court decision. *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995) (citing *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)).  A claim entertained by a lower federal court is "inextricably intertwined" with those addressed in the state court "whenever the relief requested in the federal action would effectively reverse the state court decision or void its ruling."  *In re Popkin & Stern*, 259 B.R. 701, 706 (B.A.P. 8th Cir. 2001) (quoting *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997)); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) [observing that "as we have noted in other cases, the *Rooker–Feldman* doctrine generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment"].  The doctrine recognizes that "judicial errors committed in state courts are for correction in the state court systems" through the appellate process. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

*Summary Judgment Standards and Process*

The Plaintiffs brings their Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[9]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion.[10]  As a movant, a party asserting that a fact cannot be genuinely disputed must support that assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[11]

The operation of the summary judgment standard depends upon which party will bear the burden of persuasion at trial.  "if the moving party bears the burden of persuasion at trial, it must also support its motion with credible evidence . . . that would entitle it to a

---

[9] FED. R. CIV. P. 56(a).

[10]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[11]  FED. R. CIV. P. 56(c).

-5-

directed verdict if not controverted at trial."[12]

If the motion is supported by a *prima facie* showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary.[13] "A fact is material only if its resolution would affect the outcome of the action . . . ."[14] In so demonstrating, the non-movant must show more than a "mere disagreement" between the parties,[15] or that there is merely "some metaphysical doubt as to the material facts."[16] Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact.[17] However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing.

---

[12]  *Sell v. Universal Surveillance Sys., LLC*, 2017 WL 3712188, at *3 (W.D. Tex. July 6, 2017) (citing *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)).

[13]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010).

[14]  *Wiley v. State Farm Fire & Cas. Co.,* 585 F.3d 206, 210 (5th Cir. 2009); *accord Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

[15]  *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993).

[16]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[17]  *McCarty v. Hillstone Rest. Group, Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).

versions of the truth at trial."[18]

The record presented is reviewed in the light most favorable to the non-moving party.[19] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[20] Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[21] Essentially, if a non-movant fails to set forth specific facts that present a triable issue on any relevant issues, his claims should not survive summary judgment.[22]

In this case, the Plaintiffs bear the ultimate burden as to the nondischargeability of the debt. Thus, the Plaintiffs are entitled to a summary judgment only if there exists no genuine issue of material fact as to each essential element under § 523(a)(6). The motion for summary judgment under consideration herein seeks judgment as a matter of law through the application of collateral estoppel. The Plaintiffs claim that the facts as established during the state court litigation before the 402nd Judicial District Court in and for Wood County, Texas, form the basis for a determination that the underlying judgment debt is nondischargeable in the Defendants' Chapter 7 bankruptcy case. Resolving this

---

[18] *Anderson*, 477 U.S. at 248-49 (citing *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).

[19] *Matsushita,* 475 U.S. at 587.

[20] *Id.*

[21] *Anderson,* 477 U.S. at 248.

[22] *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 494 (5th Cir. 2001).

question requires that the Court first determine the applicability of the doctrine itself.  If

collateral estoppel applies, any relevant factual findings (i.e., related to the required

elements for nondischargeability) regarding the actions of the two Defendants in this

common set of operative facts upon which the state court judgment is based should not be

disturbed here.  The Court applies those findings to the required elements for

nondischargeability to ascertain what factual issues, if any, remain.   If collateral estoppel

does not apply, the Plaintiffs' motion must be wholly denied.

*Standards for Issue Preclusion (Collateral Estoppel).*

"Collateral Estoppel or, in modern usage, issue preclusion, 'means simply that

when an issue of ultimate fact has once been determined by a valid and final judgment,

that issue cannot again be litigated between the same parties in any future lawsuit.'"[23] In

other words, "once an issue is actually and necessarily determined by a court of

competent jurisdiction, that determination is conclusive in subsequent suits based on a

different cause of action involving a party to the prior litigation."[24] "To preclude parties

from contesting matters that they have had a full and fair opportunity to litigate protects

their adversaries from the expense and vexation attending multiple lawsuits, conserves

judicial resources, and fosters reliance on judicial action by minimizing the possibility of

---

[23]  *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (internal quotations omitted).

[24]  *Montana v. U. S.*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)).

inconsistent decisions."[25]

In the bankruptcy dischargeability context, "parties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability" and satisfy the elements thereof.[26]  In other words, when an issue that forms the basis for the creditor's theory of nondischargeability has been actually litigated in a prior proceeding, neither the creditor nor the debtor may relitigate those grounds.[27]  While the doctrine of issue preclusion applies in bankruptcy dischargeability litigation, a bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable.[28]

The inquiry into the preclusive effect of a state court judgment is guided by the full faith and credit statute, which states that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. § 1738 (1994).  Thus, federal courts look to the principles of issue preclusion utilized by the forum state in which the prior judgment was entered.[29]  Because the judgment against the Defendants

---

[25] *Id.* at 153-54.

[26] *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (quotation marks omitted).

[27] *RecoverEdge, L.P. v. Pentecost,* 44 F.3d 1284, 1294 (5th Cir. 1995).

[28] *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991).

[29] *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997).

was entered in a Texas state court, this Court applies the Texas law of issue preclusion.[30]

Collateral estoppel under Texas law prevents the relitigation of identical issues of law or fact that were actually litigated and were essential to the final judgment in a prior suit.[31]  "The doctrine applies when the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit."[32]  Specifically, a party is collaterally estopped from raising an issue under Texas law when: (1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case.[33]  "Once an actually litigated and essential issue is determined, that issue is conclusive in a subsequent action between the same parties."[34]

In the context of issue preclusion, "issue" and "fact" are interchangeable.  The purpose of the reviewing court is to determine the specific facts brought that were already established through full and fair litigation.  In this circuit, issue preclusion will prevent a bankruptcy court from determining dischargeability issues for itself only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in

---

[30]  *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996).

[31]  *Tex. Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).

[32]  *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1991) (citing *Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W. 926, 927 (Tex. 1988)).

[33]  *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); *Terry v. Chicago Bridge & Iron Co.*, 283 F. Supp. 3d 601, ___, 2017 WL 6947925, at *3 (S.D. Tex. 2017).

[34]  *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985).

-10-

question . . . and the facts supporting the court's findings are discernible from that court's record."[35]  As the parties asserting the preclusive effect of the findings arising from the state court litigation, the Plaintiffs have the burden of proof on all elements of collateral estoppel.

Addressing the relevant factors in reverse order, the summary judgment record clearly demonstrates that these two parties were adversaries in the state court litigation. The summary judgment record further evidences that the factual determinations tendered in the state court litigation were essential to the entry of the State Court Judgment against the Defendants in that state court proceeding and a certain number of those are germane to the determination of the nondischargeable nature of that judgment debt under 11 U.S.C. § 523(a)(6).  The State Court Judgment, and the jury findings upon which it is based, establish several facts which undergird the liability of the Defendants to the Plaintiffs for trespass damages.  Such facts arose from a full evidentiary trial.  As a result, the facts established in the state court litigation were fully and fairly litigated by the parties in the state court system. Thus, all three requirements for the application of collateral estoppel under Texas law are established in this case and all of the parties are thereby estopped from relitigating those determinations that necessarily support the State Court Judgment.  However, notwithstanding the application of collateral estoppel principles, the Court must ascertain whether those established factual findings are

---

[35] *Fielder v. King (Matter of King),* 103 F.3d 17, 19 (5th Cir. 1997)(*citing Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 278 (5th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 1081 (1995)).

sufficient to fulfill the elements of the dischargeability claims brought by the Plaintiffs under 11 U.S.C. § 523(a)(6).

*Section 523(a)(6): Debt Arising from Willful and Malicious Injury*

The United States Supreme Court has provided guidance as to what types of debts Congress intended to except from discharge pursuant to § 523(a)(6).[36]  In *Kawaauhau v. Geiger*,[37] the Supreme Court stated that:

> [T]he word "willful" in (a)(6) modifies the word "injury,"
> indicating that nondischargeability takes a deliberate or
> intentional injury, not merely a deliberate or intentional act that
> leads to injury.  Had Congress meant to exempt debts resulting
> from unintentionally inflicted injuries, it might have described
> instead "willful acts that cause injury."  Or, Congress might
> have selected an additional word or words, i.e., "reckless" or
> "negligent," to modify "injury."  Moreover . . . , the (a)(6)
> formulation triggers in the lawyer's mind the category
> "intentional torts," as distinguished from negligent or reckless
> torts.  Intentional torts generally require that the actor intend
> "the consequences of an act," not simply "the act itself."
> RESTATEMENT (SECOND) OF TORTS § 8A, comment *a*, p. 15
> (1964).[38]

---

[36] Section 523(a)(6) of the Bankruptcy Code provides as follows:

> (a) A discharge under Section 727 ... of this title does not discharge an individual debtor
> from any debt ...
>
> > (6) for willful and malicious injury by the debtor to another entity or to the
> > property of another entity.

[37]  523 U.S. 57 (1998).

[38]  *Id*. at 61.

The Supreme Court concluded that negligent or reckless acts are not sufficient to establish that a resulting injury is "willful and malicious" and that, therefore, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."[39]

In *Miller v. J. D. Abrams, Inc. (In re Miller),*[40] the Fifth Circuit analyzed the *Geiger* ruling in an effort to articulate a methodology by which to distinguish between acts intended to cause injury as opposed to those merely leading to injury. The *Miller* court determined that a "willful . . . injury" is established under § 523(a)(6) when there exists either: (1) an objective substantial certainty of harm arising from a deliberate action;[41] or (2) there is a subjective motive to cause harm by the party taking a deliberate or intentional action. It further determined that the standard for determining the existence of a "willful" injury under *Geiger* had subsumed the Circuit's former standard for determining "malicious" conduct under § 523(a)(6) [i.e. "without just cause or excuse"]

---

[39]  *Id*. at 64.

[40]  156 F.3d 598 (5th Cir. 1998).

[41]  The "objective substantial certainty" prong "is a recognition of the evidentiary reality that a defendant in a bankruptcy context rarely admits any prior action was taken with the intent to cause harm to anyone. A court is thus expected to analyze whether the defendant's actions, which from a reasonable person's standpoint were substantially certain to cause harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *Mann Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009), citing *Berry v. Vollbracht (In re Vollbracht)*, 276 F. App'x. 360, 362 (5th Cir. 2007). "Injuries covered by § 523(a)(6) are not limited to physical damage or destruction; harm to personal or property rights is also covered by § 523(a)(6)." *Andra Group, L.P. v. Gamble-Ledbetter (In re Gamble-Ledbetter)*, 419 B.R. 682, 698-99 (Bankr. E.D. Tex. 2009).

and had eliminated any need to conduct a separate analysis on that malice element.[42]

 The distinction between the infliction of a deliberate or intentional injury, as opposed to taking a deliberate or intentional act that leads to injury, governs the determination of this proceeding.   Similar to other state law causes of action which often become germane to the dischargeability of a particular debt in bankruptcy, the assessment of liability under Texas trespass law encompasses a range of actions and mental states. To recover for damages for trespass under Texas law, "a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property; (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary; and (3) the defendant's trespass caused injury to the plaintiff."[43]   Recovery for a trespass under Texas law does not generally require proof of a malevolent intent.  It "requires only proof of interference with the right of possession of real property; the only relevant intent is that of the actor to enter the property.  The actor's subjective intent or awareness of the property's ownership is irrelevant."[44]  If the commission of the trespass was voluntary and intentional, it is actionable under Texas law "even though the result or injury may have been unexpected, unforeseen and unintended."[45]  Thus, given the parameters of Texas

---

[42] *Miller,* 156 F.3d at 604-06.

[43] *Randall Noe Chrysler Dodge, LLP v. Oakley Tire Co.*, 308 S.W.3d 542, 548 (Tex. App. – Dallas 2010, pet. denied).

[44] *Wilen v Falkenstein,* 191 S.W.3d 791, 798 (Tex. App. – Fort Worth 2006, pet. denied) (citations omitted).

[45] *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827 (Tex. 1997) (citing *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973)).

law, the determination that the Defendants had each committed a trespass against the Plaintiffs fell far short of establishing an objective substantial certainty of harm arising from such conduct and the fact that liability was assessed against the Defendants for trespass damages as evidenced by the State Court Judgment is singularly insufficient to render such debt nondischargeable under § 523(a)(6).

However, the summary judgment record regarding the Defendants' liability for trespass damages is supplemented by the additional jury findings of malice assessed solely against Defendant Harold A. Long.  Defined as a "specific intent . . . to cause substantial injury or harm,"[46] the jury concluded by clear and convincing evidence that Harold A. Long possessed such a subjective intent to injure each of the Plaintiffs at the times he engaged in the conduct constituting trespass that gave rise to his liability under the State Court Judgment.[47]  However, applying the same standard, the jury found that Georgia Long did not possess such an intent with regard to her actions.[48]  Those factual findings are binding upon all of the parties in this action as a result of issue preclusion principles.

Therefore, because it has been conclusively established that Harold A. Long possessed a specific, subjective intent to cause substantial injury or harm to each of the

---

[46]   2B TEX. CIV. PRAC. & REM. CODE § 41.001(7) (West Supp. 2017), cited in *Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 866 (Tex. 2017).

[47]   *Jury Charge*, Defendants' Ex. 1 at 21-22.

[48]   *Id.*

-15-

Plaintiffs through his actions constituting a trespass under Texas law for which damages were assessed, those damages arising from those intentional actions constitute, as a matter of law, a "willful and malicious injury" inflicted upon the Plaintiffs by that Defendant under the *Geiger* and *Miller* standards and the entire debt owed by Defendant Harold A. Long to the Plaintiffs, as enumerated in the State Court Judgment, is thereby rendered nondischargeable under §523(a)(6).  Conversely, because there is no such finding of a specific intent to injure by Defendant Georgia P. Long and because the breadth of Texas trespass law precludes any determination that an objective substantial certainty of harm arose from the conduct that triggered Mrs. Long's liability to the Plaintiffs, the assessment of trespass damages against her as set forth in the State Court Judgment fails to establish a willful and malicious injury as a matter of law.

## Conclusion

For the reasons stated, the Court concludes that the Plaintiffs' Motion for Summary Judgment against Debtor-Defendant, Harold A. Long, should be granted and that the debt owed by Harold A. Long to the Plaintiffs, Brandi Bruce and Todd Short, respectively, as imposed by the State Court Judgment entered by the 402nd Judicial District Court in and for Wood County, Texas, is therefore excepted from discharge in its entirety as a debt arising from a willful and malicious injury inflicted by that Defendant pursuant to 11 U.S.C. § 523(a)(6).  The Court further concludes that the Plaintiffs' Motion for Summary Judgment against Debtor-Defendant, Georgia P. Long, should be

denied in all respects.  An appropriate order will be entered which is consistent with this

opinion.

Signed on 03/28/2018

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE